## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### COURT FILE NO.: CV - _____

| | |
|---|---|
| **CHERYL GAGNON,** | |
| **Plaintiff,** | **COMPLAINT** |
| **v.** | |
| **CLIENT SERVICES, INC., COLE EDWARDS, and JOHN DOE, Individually and Jointly,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"); out of the invasions of Plaintiffs' personal privacy; out of violations of the Michigan Occupation Code ("MOC"), MCL 339.901 *et seq*;   or alternatively out of violations of the Michigan Debt Collections Practices Act ("MDCPA") MCL 445.251 *et seq*; and violations of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. 227 by these Defendants in their illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendants transact business here.

## PARTIES

4. Cheryl Gagnon (hereinafter, "Gagnon") is a natural person who resides in the city of Lapeer, Lapeer County, State of Michigan; and fits the definition of "any person" which the Fair Debt Collection Practice Act was intended to protect under 15 U.S.C. § 1692k(a).

5.     Defendant Client Services, Inc. (hereinafter "CSI") is a Missouri corporation and a collection agency operating from an address of 3451 Harry S. Truman Boulevard, Saint Charles, MO 63301-9816. Defendant CSI is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.     Defendant Cole Edwards (hereinafter "Edwards") is believed to be a natural person who is employed by Defendant Client Services, Inc. as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7.     Defendant John Doe is believed to be a natural person who identified himself as "Garret", and is employed by Defendant Client Services, Inc. as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.     In the Fall of 2009, Plaintiff, Cheryl Gagnon started receiving calls from Defendant, Client Services, questioning her about a debt allegedly owed by her daughter, Beth Gagnon.

9.     On September 19, 2008, Defendant Cole Edwards called Cheryl, identified himself as an employee of Client Services and asked to speak with Cheryl's daughter, Beth Gagnon.

10.     Cheryl advised that Beth was, "does not live here," and asked to be put on the "do not call" list, and then terminated the call.

### *Illegal Collection Activities Begin September 22, 2008*

11.     Defendant Cole Edwards called Cheryl again on September 22, 2008, and asked to speak with Beth Gagnon.

12.     Cheryl again advised Cole that she did not live here, that she had no idea where her daughter was, and that she had not seen Beth in about 12 months.

13.     Cole responded by mocking sarcastically, "I know that is not true, a little birdie told me that a photo of you holding your grandson is on your daughter's My Space page and your grandson is only six months old."

2

14.     Cole then asked Gagnon, "You want to cooperate with us?  You want to help your daughter don't you?"

15.     Gagnon responded, "This business did not involve me," and to "please not call here again," then terminated the call.

16.     Defendant placed another call on September 22, 2008, from an unidentified person claiming to represent Defendant, Client Services, and asked for Beth's phone number.

17.     Gagnon explained that she did not have her daughter's phone number and told Defendant that her daughter had not lived with her for two years.

18.     Gagnon again asked Defendant not to call her again.

19.     Defendant replied that Gagnon's phone number was the only number they had for contacting Beth, and said that Defendant had no choice but to continue to call Gagnon.

20.     This collection communication on this occasion to Plaintiffs was a false, deceptive, harassing, oppressive, and abusive communication by these Defendants in violation of numerous and multiple provisions of the FDCPA, including but not to limited to 15 USC §§ 1692, 1692b(1), 1692b(2), 1692b(3), 1692c(b), 1692d, 1692d(5), 1692d(6), 1692e, 1692e(5), 1692e(10), and 1692f, amongst others.

### *Illegal Collection Calls on September 24, 2008*

21.     On September 24, 2008, an unidentified debt collector from Defendant Client Services called Gagnon again, inquiring about Gagnon's daughter Beth.

22.     Defendant advised that if Gagnon wanted to help out her Daughter then she should just give up her phone number to the Defendant.

23.     Defendant questioned in a demeaning tone, "Don't you care about your daughter?"

24.     When Gagnon again explained that she did not have her daughter's phone number, the Defendant's employee became very upset, and began to yell at Gagnon.

25.     Defendant accused Gagnon in a harsh, angry, loud tone, "Why don't you want to help your daughter?"

26.     Defendant continued to imply that Gagnon was refusing to provide Beth's contact information.

27.     Gagnon questioned as to whether the caller was attempting some sort of fraud.

28.     Defendant screamed back, "Don't ever say that my job is a scam!  I make good money!  How dare you call my job a scam!"

29.     Defendant then stated, in a demeaning, disrespectful tone, "Who do you think you are?  This is not a scam, and I am through talking to you!  Hang up now!"

30.     Defendant continued screaming at Gagnon until Gagnon terminated the call.

31.     This collection communication on this occasion to Plaintiffs was a false, deceptive, harassing, oppressive, and abusive communication by these Defendants in violation of numerous and multiple provisions of the FDCPA, including but not to limited to 15 USC §§ 1692, 1692d, 1692d(2), 1692d(5), 1692e, 1692e(10), and 1692f, amongst others.

### *Illegal Collection Calls on September 25, 2008*

32.     On September 25, 2008 Defendant called Gagnon and hung up the phone as soon as Gagnon answered it, as if defendant were attempting to "prank" Gagnon.  Gagnon documented the caller ID, which read "Client Services (636)-947-2321."

33.     This collection communication on this occasion to Plaintiffs was a false, deceptive, harassing, oppressive, and abusive communication by these Defendants in violation of numerous and multiple provisions of the FDCPA, including but not to limited to 15 USC §§ 1692, 1692b(1), 1692b(3), 1692d, 1692d(5), 1692d(6), and 1692f, amongst others.

*Illegal Collection Calls on September 26, 2008*

34.     On September 26, 2008, Defendant's called again, and Gagnon answered the telephone to hear an automated message stating, "This call is for Beth Gagnon.  If you are not Beth, please hang up; otherwise we will assume that this is Beth."

35.     Gagnon terminated the automated message by hanging up the phone.

36.     Gagnon received this same automated message again later that same day, on September 26.

37.     This collection communication on this occasion to Plaintiffs was a false, deceptive, harassing, oppressive, and abusive communication by these Defendants in violation of numerous and multiple provisions of the FDCPA, including but not to limited to 15 USC §§ 1692, 1692b(1), 1692b(3), 1692d, 1692d(5), 1692d(6), 1692e, and 1692f, amongst others.

*Illegal Collection Calls on September 27, 2008*

38.     On September 27, 2008 Cheryl was gone for the day, but returned to find two missed calls listed on her caller ID, both from "Client Services."

39.     This collection communication on this occasion to Plaintiffs was a false, deceptive, harassing, oppressive, and abusive communication by these Defendants in violation of numerous and multiple provisions of the FDCPA, including but not to limited to 15 USC §§ 1692, 1692b(1), 1692b(3), 1692d, 1692d(5), 1692d(6), 1692e, and 1692f, amongst others.

*Illegal Collection Calls on September 28, 2008*

40.     On September 28, 2008 Defendant Edwards called and spoke with Gagnon.  He identified himself as an employee of Client Services, and stated, "I'd like you to have Beth give me a call."

41.     Gagnon responded that Defendant's inquiry was, "not my business," and advised that she had already repeatedly requested Defendant to stop calling her.

42.     Defendant responded that Gagnon "had no choice" but to give Beth their phone number or the calls would continue.

43.     This collection communication on this occasion to Plaintiffs was a false, deceptive, harassing, oppressive, and abusive communication by these Defendants in violation of numerous and multiple provisions of the FDCPA, including but not to limited to 15 USC §§ 1692, 1692b(3) 1692d, 1692d(2), 1692d(5), 1692e, 1692e(10), and 1692f, amongst others.

*Illegal Collection Calls on September 29, 2008*

44.     Gagnon received the same automated message that she had heard on September 26, 2008, again on September 29 stating, "This call is for Beth Gagnon.  If you are not Beth, please hang up; otherwise we will assume that this is Beth."

45.     This collection communication on this occasion to Plaintiffs was a false, deceptive, harassing, oppressive, and abusive communication by these Defendants in violation of numerous and multiple provisions of the FDCPA, including but not to limited to 15 USC §§ 1692, 1692b(1), 1692b(3), 1692d, 1692d(5), 1692d(6), 1692e, 1692e(10), and 1692f, amongst others.

*Illegal Collection Calls on September 30, 2008*

46.     On September 30, 2008, Defendant John Doe called Gagnon, identified himself as, "Garret" from Client Services and stated he would like to talk to Beth.

47.     Gagnon once again explained that Beth did not live with her, she did not know of her whereabouts, and asked Defendant not to call again.

48.     Later that day, on September 30, 2008, while Gagnon was not home, her caller ID registered a missed call from "Client Services."

49.     This collection communication on this occasion to Plaintiffs was a false, deceptive, harassing, oppressive, and abusive communication by these Defendants in violation of numerous and multiple provisions of the FDCPA, including but not to limited to 15 USC §§ 1692, 1692b(1), 1692b(3), 1692d, 1692d(5), 1692d(6), 1692e, 1692e(10), and 1692f, amongst others.

### *Conclusion*

50.     Defendant's collection communications are in violation of numerous and multiple provisions

of the FDCPA, including but not limited to:

> a.   § 1692c(a)(1). At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer, before 8:00 am or after 9:00 pm;
> b.   § 1692(b)(1).  Contact of Third Party: Failed to identify themselves, or failed to state that collector is confirming or correcting location information
> c.   § 1692(b)(2).  Contact of Third Party: Stated that the consumer owes any debt
> d.   § 1692(b)(3).  Contact of Third Party: Contacted a person more than once, unless requested to do so;
> e.   § 1692c(b). With anyone except consumer, consumer's attorney, or credit bureau concerning the debt;
> f.   § 1692d. Any conduct the natural consequence of which is to harass, oppress, or abuse any person;
> g.   § 1692d(5). Caused the phone to ring or engaged any person in telephone conversations repeatedly;
> h.   § 1692d(6). Placed telephone calls without disclosing his/her identity;
> i.   § 1692e. Any false, deceptive, or misleading representation or means in connection with the debt collection;
> j.   § 1692e(2). Misleading representations: character, amount, or legal status of debt;
> k.   § 1692e(5). Threaten to take any action that cannot legally be taken or that is not intended to be taken;
> l.   § 1692e(10). Any false representation or deceptive means to collect a debt or obtain information about a consumer;
> m.   § 1692f . Any unfair or unconscionable means to collect or attempt to collect the alleged debt;
> n.   § 1692d(2).  Use of profane and other abusive language.

### *Summary*

51.     The above-detailed conduct by Defendants was a violation of numerous and multiple

provisions of the FDCPA, including but not limited to the above noted FDCPA provisions

amongst others.

52.     Plaintiffs have suffered actual damages as a result of these illegal collection communications

by these Defendants in the form of anger, anxiety, emotional distress, sadness, grieving, fear,

frustration, embarrassment, amongst other negative emotions, as well as suffering from

unjustified and abusive invasions of personal privacy at the Plaintiffs' home.

*Respondeat Superior Liability*

53.   The acts and omissions of Defendants, and the other debt collectors employed as agents by Defendant who communicated with Plaintiffs as described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

54.   The acts and omissions by Defendant and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

55.   By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal, Defendant.

56.   Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

57.   Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

58.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59.   The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

60.    As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

61.    Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

62.    Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt.

63.    Defendants intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting this debt thereby invading and intruding upon Plaintiff's right to privacy.

64.    Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

65.    These intrusions and invasions by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

66.    As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## COUNT III.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 et seq.

67.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

68.     Defendant violated the TCPA twice on September 26, 2008 and once on September 29, 2008 by utilizing an automated dialer to contact Plaintiff after Plaintiff expressly advised not to call Plaintiff's residence.

69.     The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the TCPA including, but not limited to, each and every one of the above-cited provisions of the TCPA, 47 U.S.C. § 227 et seq.

70.     As a result of each and every Defendant's violations of the TCPA, Plaintiff is entitled to actual damages pursuant to 47 U.S.C. §227 et seq.; statutory damages in an amount up to $500.00 for each violation pursuant to 47 U.S.C. §227 et seq.; and, reasonable attorney's fees and costs pursuant to 47 U.S.C. §227 et seq. from each and every Defendant herein.

**COUNT IV.**

**VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE AS ALTERNATIVE TO CLAIMS UNDER THE MICHIGAN COLLECTION PRACTICES ACT**

71.     Plaintiff incorporates the preceding allegations by reference.

72.     Defendants and its employees/agents are "collection agencies" as that term is defined in the Michigan Occupation Code ("MOC"), MCL 339.901(b).

73.     Plaintiff is a debtor or other protected persons as that term is defined in MCL 339.901(l).

74.     Defendants' foregoing acts in attempting to collect this debt against Plaintiff constitute violations of the Occupation Code.

75.     Plaintiff has suffered damages as a result of these violations of the Michigan Occupation Code.

76.     These violations of the Michigan Occupation Code were willful.

## COUNT V.

## VIOLATIONS OF THE MICHIGAN DEBT COLLECTION PRACTICES ACT (AS ALTERNATIVE TO CLAIMS UNDER THE MICHIGAN OCCUPATIONAL CODE)

77.     Plaintiff incorporates the preceding allegations by reference.

78.     Defendants are "regulated persons" under the Michigan Debt Collections Practices Act ("MDCPA") MCL 445.251 (g)(xi).

*79.*    Defendants' foregoing acts in attempting to collect this debt against Plaintiff constitutes violations of the Michigan Debt Collections Practices Act ("MDCPA") MCL 445.251 *et seq.*

80.     Plaintiff has suffered damages as a result of these violations of the Michigan Debt Collections Practices Act.

81.     These violations of the Michigan Debt Collections Practices Act were willful.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against  each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff;

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the FDCPA violations and invasions of privacy in an amount to be determined at trial and for Plaintiff; and

- for such other and further relief as may be just and proper.

## COUNT III.

## VIOLATIONS OF THE TELEPHONE CONSUMER PORTECTION ACT

## 47 U.S.C. § 227et seq.

- for an award of actual damages pursuant to 47 U.S.C. §227 et seq.  against each and every Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 47 U.S.C. §227 et seq. against  each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 47 U.S.C. §227 et seq. against each and every Defendant and for Plaintiff;

## COUNT IV.

## VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE AS ALTERNATIVE TO CLAIMS UNDER THE MICHIGAN COLLECTION PRACTICES ACT

- for an award of actual, treble, punitive and statutory damages from each and every Defendant for the emotional distress suffered as a result of the Michigan Occupation Code violations in an amount to be determined at trial and for Plaintiff; and

- for such other and further relief as may be just and proper.

## COUNT V.

## VIOLATIONS OF THE MICHIGAN DEBT COLLECTION PRACTICES ACT (AS ALTERNATIVE TO CLAIMS UNDER THE MICHIGAN OCCUPATIONAL CODE)

- for an award of actual, treble, punitive and statutory damages from each and every Defendant for the emotional distress suffered as a result of the Michigan Debt Collections Practices Act violations in an amount to be determined at trial and for Plaintiffs; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: June 15, 2009

**REX ANDERSON PC**

By:  **/s/ Rex C. Anderson**
Rex C. Anderson, Esq. (P47068)
Attorney for Plaintiff
9459 Lapeer Rd
Davison MI 48423
Telephone:  (810) 653-3300
Facsimile: (810) 658-2510
rex@rexandersonpc.com

**VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF MICHIGAN        )
                                 ) ss
COUNTY OF GENESEE       )

Plaintiff **Cheryl Gagnon**, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

**Cheryl Gagnon**

Subscribed and sworn to before me on this the 16th day of June, 2009.

Barbara Quin, Notary Public

Genesee County, MI

My Comm. expires 9 29 2013

14