# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CHERYL GAGNON,

    Plaintiff,

v.

CLIENT SERVICES, INC., COLE EDWARDS, and JOHN DOE 1,

    Individually and Jointly,
    Defendants.

Case No: 2:09-CV-12342
Hon. Gerald E. Rosen
Mag. Judge Michael Hluchaniuk

_____

## STIPULATION AND PROTECTIVE ORDER

WHEREAS, the parties to the above captioned action (the "Action") possess information they have a right to protect from unlimited disclosure or dissemination, which information has been or may be requested in discovery;

WHEREAS, some of the parties have already served discovery that arguably may require the responding parties to disclose trade secrets or confidential, proprietary, or sensitive information (including, without limitation, non-public information about the financial, business, or personal affairs of other persons or entities);

WHEREAS, issuance of a protective order is necessary to prevent unlimited dissemination and/or use of such sensitive, confidential, and non-public information;

WHEREAS, the parties to this Action hereby enter into a stipulation and request an order regarding the protection of such information produced during discovery or otherwise;

IT IS HEREBY STIPULATED AND ORDERED that:

1.    The terms of this Protective Order shall govern all documents and/or information obtained during the course of this Action, which may include papers, tapes, documents,

discovery responses, disks, and other tangible things produced by any party or obtained in connection with this Action, transcripts of depositions, and exhibits thereto, and copies, extracts, databases, and complete or partial summaries prepared from such papers, documents, or things (the "Protected Materials and Information").

2.  All documents and information (i.e., Protected Materials and Information) that are produced in the course of discovery in this Action, are subject to the terms of this Protective Order, and may only be used or disclosed as described herein, except as otherwise ordered by the Court.  At any time after the delivery of Protected Materials and Information, counsel for the party or parties receiving the documents may challenge the designation of all or any portion thereof as Protected by providing written notice thereof to counsel for the party disclosing or producing the Protected Materials and Information.  If the parties are unable to agree as to whether the designation of discovery material as Protected Materials and Information is appropriate, the party or parties receiving the Protected Materials and Information shall certify to the Court that the parties cannot reach an agreement as to the Protected nature of all or a portion of the documents.  Thereafter, the party or parties disclosing or producing the Protected documents shall have ten (10) days from the date of certification to file a motion for protective order with regard to any portion of any Protected Materials and Information in dispute.  If the party or parties producing the Protected Materials and Information does/do not timely file a motion for protective order, then the documents in dispute shall no longer be subject to confidential treatment as provided in this Order.  If the party or parties receiving the Protected Materials and Information shall be determined to have challenged the designation without a good faith basis for doing so, then the party or parties disclosing or producing the Protected documents shall be entitled to recover from the party or parties receiving the Protected Materials and

Information all costs and attorney fees incurred in responding to the challenge, including without limitation those incurred in bring the motion for protective order.

3. The designation of Protected Materials and Information pursuant to this Protective Order shall not be construed as a concession by the designating party that such information is relevant, material, or admissible as to any issue. Nothing in this Protective Order shall be construed as waiving any objection to the production of evidence or to discovery requests, nor shall this Protective Order be construed to require the production of any particular testimony, documents, evidence or other information.

4. Confidential Information shall be segregated and maintained in a safe and secure manner at the premises and under the direct control of counsel for the non-producing parties, who shall be responsible for preventing any disclosure thereof except in accordance with the terms of this Protective Order.

5. Counsel for the parties hereto shall keep all Protected Materials and Information confidential, and shall in no way divulge any Protected Materials and Information or any summary or abstract thereof, to any firm, person, or entity, save and except to the following (hereinafter "Qualified Persons"):

(a) Counsel for the respective parties, including in-house counsel, and employees thereof whose functions for the purposes of prosecuting or defending this Action require access to such Protected Materials and Information;

(b) Outside experts or consultants retained by a party or counsel hereto whose advice and consultation are being used by such party in connection with prosecuting or defending this Action, whose functions for purposes of assisting with such prosecution or defense require access to Protected Materials and Information;

(c) Any party and any officer or employee of a party, to the extent deemed necessary by counsel for that party, for the prosecution or defense of this Action;

(d) Testifying witnesses in the Action;

(e) Any court reporter or videographer employed by one of the parties for the purpose of recording depositions in this Action;

(f) Employees of document copying, storing, or handling services, in so far as their services are enlisted with for this Action; and

(g) The Court.

6. Protected Materials and Information produced subject to this Protective Order shall not be made public by any receiving person or be used for any purpose other than the preparation and prosecution of this Action.

7. This Protective Order shall not prevent any Party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders.

8. Nothing in this Protective Order, nor the production of anything by any party in this Action shall be deemed a waiver of any privilege with respect thereto in any other action or proceeding, or a waiver of any privilege applicable to any information other than the specific information so produced in this litigation, or of the right of any party to this Action to oppose production of any information. In the event of any inadvertent disclosure of any Protected Materials and Information, all parties reserve all rights that they may have as a matter of law with respect to such inadvertent disclosure.

6182899.1 28246/130903

9. This Protective Order and the protections embodied herein shall survive the termination of this Action and continue in full force and effect.

**SO ORDERED:**

This  1st  day of   December  , 2009

        s/Gerald E. Rosen
        HONORABLE GERALD E. ROSEN
        CHIEF JUDGE, UNITED STATES DISTRICT COURT

*Stipulations on following page

Stipulated and agreed this 20th day of November, 2009:

| */s/ Rex C. Anderson* | */s/ Jordan S. Bolton* |
|---|---|
| Rex C. Anderson, Esq. (P47068) | Jordan S. Bolton (P66309) |
| 9459 Lapeer Rd | CLARK HILL PLC |
| Davison MI 48423 | 500 Woodward Ave., Ste. 3500 |
| Telephone: (810) 653-3300 | Detroit, MI 48226 |
| rex@rexandersonpc.com | (313) 965-8300 |
| | Attorneys for Defendants |
| | JBolton@ClarkHill.com |
| *Attorney for Plaintiff.* | *Attorneys for Defendants* |

**6182899.1** 28246/130903